# NO. 12-22-00219-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| | § | *ORIGINAL PROCEEDING* |
| *L.M., RELATOR* | § | |

*MEMORANDUM OPINION*
*PER CURIAM*

L.M., acting pro se, filed this original proceeding to challenge Respondent's failure to rule in the case for twelve months and to raise jurisdictional arguments.[1]  On August 3, 2022, the Clerk of this Court informed Relator that the petition fails to comply with appellate Rules 52.3(k) and 52.7.[2]  *See* Tex. R. App. P. 52.3 (form and contents of petition); Tex. R. App. P. 52.7 (record). The notice warned that the petition would be referred to this Court for dismissal unless Relator provided the appendix and the record on or before August 8.  Relator provided an appendix but did not provide a record.

Generally, a party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief.  *See* Tex. R. App. P. 52.  The petition must contain certain items, including an appendix.  *See* Tex. R. App. P. 52.3.  Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding.  Tex. R. App. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any

---

[1] Respondent is the Honorable Jeffrey B. Doran, Judge of the County Court at Law in Anderson County, Texas.  The Texas Attorney General's Office is the Real Party in Interest.

[2] L.M. previously filed a pro se notice of appeal in the same trial court cause number, but that appeal was also dismissed for failure to comply with the appellate rules.  *See Interest of I.M.*, No. 12-22-00130-CV, 2022 WL 2836268 (Tex. App.—Tyler July 20, 2022, no pet.) (per curiam) (mem. op.).

underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

It is a relator's burden to provide this Court with a record sufficient to establish the right to mandamus relief. *See* ***In re Mack***, No. 12-19-00238-CV, 2019 WL 3024757, at *1 (Tex. App.–Tyler July 10, 2019, orig. proceeding) (mem op.). In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to mandamus relief. *See* ***id***. Because Relator's petition fails to comply with the appellate rules, nothing is presented for this Court to review. Therefore, we ***deny*** the petition for writ of mandamus.

Opinion delivered August 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2022**

**NO. 12-22-00219-CV**

**L.M.,**
Relator
V.

**HON. JEFFREY B. DORAN,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by L.M.; who is the relator in appellate cause number 12-22-00219-CV and a party to trial court cause number CCL-21-17250, pending on the docket of the County Court at Law of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on August 3, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*